**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4777**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONNIE EUGENE SELF, a/k/a Ronnie Eugene
Campbell, a/k/a Gary Campbell,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(CR-03-1135)

———————————

Submitted:  September 29, 2005      Decided:  October 5, 2005

———————————

Before WILKINSON, KING, and GREGORY, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  Jonathan S. Gasser, Acting United
States Attorney, Rose Mary Parham, Assistant United States
Attorney, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ronnie Eugene Self appeals from his 180-month sentence entered pursuant to his guilty plea to being a felon in possession of a firearm. Self contends that his designation as an armed career criminal is precluded by the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S. Ct. 738 (2005).

Self's claim is foreclosed by circuit precedent. See United States v. Thompson, 2005 WL 2128957, at *5-7 (4th Cir. Sept. 6, 2005) (holding that prior convictions could not be severed from their essential components, and these components include integral facts such as the statutory violation and date of offense, therefore these facts were inherent to convictions not extraneous to them); United States v. Cheek, 415 F.3d 349, 350 (4th Cir. 2005) (holding that defendant's Sixth Amendment right to trial by a jury was not violated by district court's reliance on his prior convictions for purposes of sentencing under the Armed Career Criminal Act). Moreover, on appeal, Self does not challenge any factual findings regarding the prior convictions, and he does not dispute the factual basis for the district court's conclusions that he was an armed career criminal. Accordingly, Self's assertion that his sentence violated the Sixth Amendment is without merit. See United States v. Collins, 412 F.3d 515, 523 (4th Cir. 2005) (holding that, where defendant did not dispute any of the facts

- 2 -

supporting the career offender status in district court, there is no constitutional violation in relying on defendant's prior convictions).

Accordingly, we affirm Self's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED